IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 08-769-GMS |
| ) | |
| DETECTIVE LEGENSTEIN and ) | |
| DETECTIVE WRITER, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

The plaintiff Edward Adams ("Adams"), an inmate housed at the Plummer Community Corrections Center, Wilmington, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 2.) He appears *pro se* and has been granted permission to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I. BACKGROUND**

Adams alleges the defendants violated his right to fundamental fairness and due process when, on orders from the Office of the Attorney General of the State of Delaware, they released and failed to pursue charges against an individual who allegedly stabbed Adams numerous times. Adams alleges that the terms of his plea agreement indicated that charges would be pursued. Adams filed a similar lawsuit on May 15, 2008, against the defendants as well as former Delaware Attorney General Carl Danberg and current Delaware Attorney General Beau Biden. *Adams v. Biden*, Civ. Action No. 08-285-GMS, dismissed September 16, 2008.

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A complaint is malicious when it "duplicates allegations of another [ ]federal lawsuit by the same plaintiff." *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993); *see also Banks v. Gillie,* Civ. Act. No. 03-3098, 2004 U.S. Dist. LEXIS 5413, at *9 (E.D. La. Feb. 25, 2004) (duplicative and repetitive complaints are considered malicious for purposes of § 1915); *McGill v. Juanita Kraft Postal Service,* No. 3:03-CV-1113-K, 2003 WL 21355439, at *2 (N.D. Tx. June 6, 2003) (complaint is malicious when it "'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation") (quotations omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau v. United States,* 287 Fed. Appx. 159, 162 (3d Cir. 2008); *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The court must accept all factual allegations in a complaint as true and take them

in the light most favorable to plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

Adams is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because Adams proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v.*

*Pardus*, 127 S.Ct. at 2200 (citations omitted).

### III. DISCUSSION

#### A. Repetitious Litigation

"Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (quotation marks and alteration omitted); *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993) (a complaint is malicious when it "duplicates allegations of another [ ]federal lawsuit by the same plaintiff). The instant suit is clearly repetitious of Adams' prior suit, Civ. No. 08-295-GMS. The instant suit and the prior suit are virtually identical causes of action and complain of the same actions or inactions of the defendants. The main difference is that in the current complaint, Adams lists two, rather than four defendants, and omits mention of the Attorneys General of the State of Delaware. Because the present suit is repetitious of Civ. No. 08-295-GMS, the court will dismiss the complaint as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

#### B. Res Judicata

In the alternative, the court finds that the case is barred by res judicata or claim preclusion. Under the doctrine of res judicata (referred to now as claim preclusion), a judgment in a prior suit involving the same parties, or parties in privity with them, bars a subsequent suit on the same cause of action. *Fairbank's Capital Corp. v. Milligan,* 234 Fed. Appx. 21 (3d Cir. 2007). "Res judicata acts as a bar to relitigation of an adjudicated claim between parties and those in privity with them." *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 392 (3d Cir. 2002) (citing *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d

187, 194 (3d Cir. 1999)). "The rationale is that if the adjudication of an action is binding on parties in privity with the parties formally named in the litigation, then any claims against parties in privity should be brought in the same action lest the door be kept open for subsequent relitigation of the same claims." *Id.* at 392.

Collateral estoppel, also known as issue preclusion, refers to the preclusive effect of a judgment on the merits of an issue that was previously litigated or that could have been litigated. *Fairbank's Capital Corp. v. Milligan*, 234 Fed. Appx. 21 (3d Cir. 2007). Issue preclusion occurs "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.'" *Jean Alexander Cosmetics, Inc.*, 458 F.3d at 249 (quoting Restatement (Second) of Judgments § 27 (1982)). There are four requirements for the application of collateral estoppel: (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *Id.* (internal quotation marks and citations omitted).

Adams newest complaint is clearly based upon the same transactions and occurrences at the center of his previous complaint: the failure of the State of Delaware to pursue prosecution against an individual who allegedly stabbed him. His recent legal claims do not differ in any significant way from his prior claims.

## IV. CONCLUSION

For the above stated reasons the court finds that the allegations in the complaint are

malicious or, in the alternative, barred by the doctrine of res judicata. The complaint will be dismissed. An appropriate order will be entered.

                                                                   [signature]

                                             CHIEF, UNITED STATES DISTRICT JUDGE

_Feb 13_, 2009

Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-769-GMS |
| | ) |
| DETECTIVE LEGENSTEIN and | ) |
| DETECTIVE WRITER, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 13th day of Feb, 2009 for the reasons set forth in the Memorandum issued this date,

IT IS ORDERED that the complaint is **dismissed** as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) or, in the alternative, **barred** by the doctrine of res judicata. The Clerk of the Court is directed to **close** the case.

_____
CHIEF, UNITED STATES DISTRICT JUDGE